IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE MENDEZ-MORALES, | ) | |
| | ) | |
| Petitioner, | ) | 8:05cv191 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| WARDEN SAMUELS, JR., | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241 petition"), filed by the petitioner, Jose Mendez-Morales, and on the petitioner's Application for Leave to Proceed In Forma Pauperis. In his § 2241 petition, the petitioner challenges his conviction in *United States of America v. Jose Mendez-Morales*, Case No. 4:02cr3103 (D. Neb.). The petitioner is presently serving a sentence at a federal prison facility in Kentucky.

However, the petitioner may not use 28 U.S.C. § 2241 to assert his claims in this court. A motion pursuant to 28 U.S.C. § 2255, brought before the sentencing court, is the appropriate vehicle for a convicted federal prisoner to challenge his conviction as in violation of the Constitution or laws of the United States and to move to vacate his sentence. On the other hand, a petition pursuant to 28 U.S.C. § 2241, filed in a court within the district of confinement, challenges the execution of a federal prisoner's sentence.[1] Thus, federal prisoners challenging the legality or validity of their convictions

---

[1] For purposes of 28 U.S.C. § 2241, execution of a sentence "includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

or sentences must do so by a motion pursuant to § 2255 rather than by a petition pursuant to § 2241. See, e.g., <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000); <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1178-79 (10th Cir. 1999); <u>Triestman v. United States</u>, 124 F.3d 361, 373 (2d Cir. 1997). In the rare exception, discussed below, when a convicted federal prisoner may use § 2241, the petition must be filed in federal court in the district in which the prisoner is incarcerated.

Although a narrow exception permits limited use of § 2241 to challenge the validity of a conviction, the § 2241 petition in this case does not fit within that exception to the general bar against using § 2241, instead of § 2255, for collateral attack by a federal prisoner on a conviction or sentence. "A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 **only if** it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" <u>United States v. Lurie</u>, 207 F.3d at 1077 (emphasis added). However, a § 2255 remedy is not considered inadequate or ineffective if, for example, a § 2255 motion has previously been denied, the statute of limitations has expired on a § 2255 claim, or there are procedural barriers to pursuing relief under § 2255. <u>Id</u>. at 1077-78. Accord <u>Wesson v. U.S. Penitentiary</u>, 305 F.3d 343, 347 (5th Cir. 2002).

THEREFORE, IT IS ORDERED:

1.  That filing no. 2, the petitioner's Application for Leave to Proceed In Forma Pauperis, is granted;

2.  That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by the petitioner, Jose Mendez-Morales, and this action are dismissed without prejudice; and

3. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 5th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge